**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCKHEED FEDERAL CREDIT UNION,<br><br>            Plaintiff,<br><br>   v.<br><br>MARIA GONZALES et al.,<br><br>            Defendants. | Case No. 2:13-cv-3523-ODW(VBKx)<br><br>**ORDER REMANDING CASE** |

      On May 16, 2013, Defendants removed their unlawful-detainer matter to this Court. The Court **REMANDS** this case for lack of subject-matter jurisdiction.

      Removal was improper here because Plaintiff's unlawful-detainer Complaint does not competently allege facts creating subject-matter jurisdiction. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 545 U.S. 546, 563 (2005). First, this unlawful-detainer action does not give rise to a federal question. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)). Second, the amount in controversy does not exceed the

1 diversity jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977) (noting that only possession—not title—is at issue in an unlawful-detainer action).  And even if the amount in controversy were met, Defendants reside in the forum state, so he cannot properly remove this action.  28 U.S.C. § 1441(b).

The Court therefore **REMANDS** this action to the Superior Court of California, Los Angeles County, case number 12H03719.  *See* 28 U.S.C.§ 1447(c).

But this is not the first time Defendants have tried to remove this case.  Defendants' first removal attempt was promptly remanded.  *Lockheed Fed. Credit Union v. Gonzales*, No. 2:13-cv-1268-JAK(SPx), ECF No. 15 (C.D. Cal. filed Feb. 21, 2013).  A party may not file a second notice of removal based on the same grounds as its first notice of removal where the Court remanded the party's first removal.  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001).  Defendants are hereby warned that filing a third notice of removal on the same grounds would be a violation of Federal Rule of Civil Procedure 11(b)(2) and would subject themselves to sanctions.

**IT IS SO ORDERED.**

May 20, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**